# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA LISA VILLAGOMEZ,<br><br>                       Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, N.A.,<br>formerly d/b/a WASHINGTON MUTUAL,<br>FA; QUALITY LOAN SERVICE CORP.;<br>and DOES 1-50 INCLUSIVE,<br><br>                       Defendants. | Case No. 11cv00826 BTM (MDD)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is the "Motion to Dismiss Pursuant to Rule 12(b)(6)" (Doc. 10), filed by Defendants JPMorgan Chase Bank N.A. ("JPM") and Quality Loan Service Corporation ("QLS") (collectively, "Defendants"). For the reasons set forth herein, the Court DISMISSES Plaintiff's complaint without prejudice.

## **BACKGROUND**

On September 20, 2006, Plaintiff and her husband borrowed $337,500.00 from Washington Mutual Bank, FA. (Doc. 10-2, Defendants' "Request for Judicial Notice" ("RJN"), Ex. A.) The loan was secured by a Deed of Trust on property located at 6010 San Miguel Road, Bonita, California 91902 (the "Property"). (Id.) The Deed of Trust identifies the "Lender" as "Washington Mutual Bank, FA." (Id.) The Deed of Trust identifies the Trustee

as "California Reconveyance Company, a California Corp[.]" (Id.)

On July 26, 2010, a Notice of Default and Election to Sell was recorded. (RJN, Ex. B.) The Notice of Default was issued by Quality Loan Service Corp., as "agent for beneficiary[.]" The notice informed Plaintiff and her husband that they were in default in the amount of all principal and interest payments due on the loan since May 1, 2009 (for a total sum of $32,086.58), and explained that payments should be made to "JPMorgan Chase Bank, N.A.[,] C/O Quality Loan Service Corp." (Id.) The Notice of Default was accompanied by a "Declaration of Compliance" stating:

> The mortgagee, beneficiary or authorized agent tried with due diligence but was unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5. Thirty days or more have elapsed since these due diligence efforts were completed.

(Id.) The Declaration of Compliance also certified "under penalty of perjury under the laws of the State of California that the above is true and correct," was signed by John Gilvarry on behalf of JPM, and was dated July 16, 2010. (Id.)

On September 8, 2010, JPM caused to be recorded a Substitution of Trustee, stating that it was the present beneficiary under the Deed of Trust, and substituting QLS as trustee. (RJN, Ex. C.) On March 11, 2011, QLS caused to be recorded a Notice of Trustee's Sale, setting the date of sale for April 4, 2011. (RJN, Ex. D.) On April 4, 2011, the Property was sold at a public foreclosure auction to Federal Home Loan Mortgage Corporation (the "Grantee"). (RJN, Ex. E.) On April 13, 2011, QLS caused to be recorded a Trustee's Deed Upon Sale, which granted and conveyed title to the Property to the Grantee. (Id.)

In her verified complaint, filed in the Superior Court of California, County of San Diego, on March 29, 2011, Plaintiff alleges that the Notice of Default was defective, that QLS did not have the authority to conduct a valid foreclosure sale on the Property, and that the Deed of Trust contained non-disclosures and omissions. (RJN, Ex. F.) Plaintiff asserts the following claims: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6; (5) violation of California

//

Civil Code § 1572; (6) violation of California Business and Professions Code § 17200; (7) violation of Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.

## STANDARD

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks omitted). A complaint filed by a pro se plaintiff is held to less stringent standards than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

//
//
//

**DISCUSSION**

Defendants have moved to dismiss Plaintiff's complaint on several grounds. The Court addresses each claim in turn.

1. <u>Violation of California Civil Code § 2923.5</u>

In her first claim, Plaintiff alleges that Defendants failed to comply with various requirements set forth in § 2923.5 ("Notice of default; filing"). Cplt. ¶¶ 11-24. Plaintiff's central allegation is that Defendants failed to comply with § 2923.5(b)'s requirement that the trustee include with the Notice of Default a declaration under penalty of perjury, stating that the trustee complied with the due diligence requirements of § 2923.5(a) (regarding attempts to contact the borrower 30 days in advance of filing the Notice of Default). Specifically, Plaintiff contends that "[t]he declaration does not contain a penalty of perjury clause and there is no evidence on the face of the Notice of Default as to whether the declarant had any personal knowledge concerning any contact made to Plaintiff." Cplt. ¶ 14. However, the declaration of compliance plainly does have a penalty of perjury clause (Cplt. Ex. B, Doc. 1-1 at 51 of 54), and it satisfies the requirements of § 2923.5(b). See <u>Mabry v. Superior Court</u>, 185 Cal. App. 4th 208, 232 (4th Dist. 2010).

Also under the heading of her first claim, Plaintiff cobbles together in one randomly-placed paragraph a series of conclusory allegations, asserting that the Notice of Default was void for "failing and/or refusing to mail the Notice of Default within ten business days to Plaintiffs, to post and mail the Notice of Default within one month, to properly set the sale date, to publish the Notice of Sale twenty days prior to the date set for sale, and to record the Notice of Sale as required by California Civil Code § 2924." Cplt. ¶ 16. These allegations do not relate to § 2923.5. Rather, § 2924(a) requires that the trustee file the notice of sale no less than three months after the notice of default, and no less than 20 days before the sale date. In this case, the Notice of Sale was recorded on March 11, 2011; nearly eight

months after the Notice of Default was recorded, and 24 days before the foreclosure sale scheduled on April 4, 2012.  Thus, the allegations in paragraph 16 of the Complaint allege neither a violation of § 2923.5 nor of any other provision of the Civil Code.

The Court also notes that Plaintiff's § 2923.5 claim is moot because the Property was sold in a foreclosure sale on April 4, 2011 (RJN, Ex. E), and "the *only* remedy provided [by § 2923.5] is a postponement of the sale before it happens." Mabry, 185 Cal. App. 4th at 235 (emphasis in original).  "There is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale." Id.  For all these reasons, the Court dismisses Plaintiff's first cause of action.

2. Fraud

Plaintiff's fraud claim (Cplt. ¶¶ 25-42) is somewhat incoherent.  She appears to allege that QLS did not have standing to enforce a non-judicial foreclosure because the note was not properly assigned, and that QLS did not actually possess the Deed of Trust, despite language in the Notice of Default stating that the beneficiary has deposited with the Trustee the "deed of trust and all documents evidencing the obligations secured thereby[.]" See Cplt. ¶ 40; RJN, Ex. B.  Plaintiff further alleges that "due to their reliance on Defendants['] representations[, Plaintiff and her husband have] been damaged in an amount that currently exceeds $25,000.00 and additionally costs of moving out of Plaintiff['s] property and the costs to relocate back to the subject Property." Cplt. ¶ 47.

"The elements of intentional misrepresentation, or actual fraud, are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." Anderson v. Deloitte & Touche, 56 Cal. App. 4th 1468, 1474 (1st Dist. 1997) (citation and quotation marks omitted).  Even assuming that Plaintiff's allegations suffice to establish misrepresentation, knowledge of falsity, and intent to defraud, Plaintiff

fails to allege with sufficient particularity the actions she took in reliance on QLS's statements or how such reliance resulted in damages. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). The Court notes that the initiation of this lawsuit in opposition to the foreclosure proceedings suggests that Plaintiff never relied on QLS's representations that it has the power to foreclose on the Property.

Plaintiff also alleges in her second claim that the failure of QLS to be in possession of the deed of trust is a violation of Uniform Commercial Code § 3-301 (limiting persons entitled to enforce an instrument). California Civil Code Section 2924(a) (1) provides that a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Cal. Civ. Code § 2924(a)(1). "Thus, Section 2924 does not require that the foreclosing party retain a beneficial interest in the note; instead, it merely requires foreclosing parties to comply with certain statutory procedures." Tang v. Bank of America, N.A., CV 11-2048, 2012 WL 960373 at *7 (N.D. Cal. Mar. 19, 2012). Therefore, QLS was not required to own the note under California law, further weakening Plaintiff's claim of any reliance on QLS's statement that it was in possession of the note and undermining any other claim based on UCC § 3-301. The Court dismisses Plaintiff's second cause of action.

3.    Intentional misrepresentation

Plaintiff's claim for intentional misrepresentation (Cplt. ¶¶ 43-44) is entirely duplicative of her claim for fraud. Moreover, the elements for an intentional misrepresentation cause of action in California mirror the elements for fraud. Anderson, 56 Cal. App. 4th at 1474. For the same reasons set forth in the preceding section, the Court dismisses Plaintiff's third claim.

//
//
//

1  4.     Violation of California Civil Code § 2923.6

3  In her fourth claim (Cplt. ¶¶ 45-54), Plaintiff alleges that Defendants failed to explore the possibility of a loan modification before initiating foreclosure proceedings in violation of California Civil Code § 2923.6.  "As numerous district courts have held, § 2923.6 does not require loan servicers to modify loans, and it does not create a private right of action for borrowers."  Chourp v. Ocwen Loan Servicing, LLC, 11cv00159, 2011 WL 1559796, at *2 (S.D. Cal. Apr. 22, 2011) (citing cases).  Accordingly, the Court dismisses Plaintiff's fourth cause of action.

5.     Violation of California Civil Code § 1572

Plaintiff's fifth claim (Cplt. ¶¶ 55-61) alleges a violation of California Civil Code § 1572 ("Actual fraud"), and is entirely duplicative of her second and third claims (fraud and intentional misrepresentation).  For the same reasons set forth above in subparts 2 and 3, the Court dismisses Plaintiff's fifth cause of action.

6.     Violation of California Business and Professions Code § 17200

Plaintiff's sixth claim essentially repeats the allegations in Plaintiff's first cause of action (violation of Cal. Civil Code § 2923.5), and asserts a violation of California Business and Professions Code § 17200 et seq. (awarding civil penalties based on any "unlawful, unfair or fraudulent business act or practice").  Cplt. ¶¶ 62-65.  California courts have repeatedly held that claims rooted in § 17200 must plead or allege that the defendant engaged in a business practice that violates a separate provision of the law.  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003); Ingels v. Westwood One Broadcasting Services, Inc., 129 Cal. App. 4th 1050, 1060 (2d Dist. 2005).  Plaintiff's § 17200 claim appears to be based on her § 2923.5 claim, though it is difficult to be certain.

Regardless, since Plaintiff has failed to state a claim with respect to any of her other causes of action, the Court similarly dismisses her § 17200 claim without prejudice.

7.   Violations of Federal Truth in Lending Act

Plaintiff's seventh and final cause of action asserts violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1693 (2009), and TILA's implementing regulation (known as "Regulation Z"), 12 C.F.R. Pt. 226. Cplt. ¶¶ 66-71. Plaintiff's TILA claim is barred by the applicable statute of limitations. A claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As a general rule, the statutory period "starts at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Because any claim under Regulation Z is derivative of a TILA claim, the same statute of limitations applies to Regulation Z claims. A claim for rescission under TILA is subject to a three-year statute of limitations. 15 U.S.C. § 1635(f).

It is unclear whether Plaintiff seeks only a rescission under TILA, or whether she also seeks damages. Regardless, her claim is time-barred. In this case, the loan transaction was consummated on September 22, 2006, the date on which the Deed of Trust was recorded. (RJN Ex. A.) Plaintiff filed her state court complaint roughly four and a half years later. Although equitable tolling of TILA claims is available in some cases, see King, 784 F.2d at 915, Plaintiff has not alleged any facts suggesting that the doctrine of equitable tolling is applicable here.[1] Accordingly, the Court dismisses Plaintiff's TILA claim.

//

---

[1] In order for equitable tolling to apply, Plaintiff must allege fraudulent conduct beyond the disclosure itself. See Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that one-year statute of limitations was not tolled as to initial TILA disclosures because "nothing prevented [plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements."); Evans v. Rudy-Luther Toyota, Inc., 39 F. Supp. 2d 1177, 1184 (D. Minn. 1999) ("The Courts, which have applied the doctrine of fraudulent concealment to TILA claims that are directed at alleged nondisclosures, have uniformly held that fraudulent conduct, beyond the nondisclosure itself, is necessary to permit the one-year period to be equitably tolled.").

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim. The Court grants Plaintiff leave to file an amended complaint within 20 days of the entry of this Order. Failure to do so will result in the closing of this case.

**IT IS SO ORDERED.**

DATED: July 25, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court